UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| ROBERT LYNN DAVIS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:23-CV-235-TRM-DCP |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned on Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 [Doc. 17], which the Chief District Judge referred to the undersigned on July 1, 2024 [Doc. 21]. *See* 28 U.S.C. § 636(c). In his motion, Plaintiff requests the Court enter an Order awarding $7,118.80 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1).

### I. BACKGROUND

Having exhausted his administrative remedies, Plaintiff filed a Complaint with this Court on October 9, 2023, seeking judicial review of the Commissioner's final decision under Section 405(g) of the Social Security Act [Doc. 1].

On March 22, 2024, the parties filed a Joint Motion to Remand [Doc. 14]. On March 27, 2024, the Court entered an Order [Doc. 15] and Judgment Order [Doc. 16], remanding the case to the Commissioner under sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Plaintiff subsequently filed the motion for fees on June 25, 2024 [Doc. 17], and memorandum in support [Doc. 20]. The Commissioner filed a response on June 26, 2024, stating

that he has no opposition to the payment of attorney's fees and expenses in the amount requested [Doc. 19].

II. ANALYSIS

A. Plaintiff is Eligible for Fees

Four conditions must be met before fees will be awarded under the EAJA:

1. Plaintiff must be a prevailing party;
2. The Commissioner's position must be without substantial justification;
3. No special circumstances warranting denial of fees may exist; and
4. The application for attorney fees must be filed within 30 days of the final judgment in the action.

*See* 28 U.S.C. § 2412(d)(1); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). As explained below, the Court finds that each of these conditions has been met.

1. The Plaintiff is the Prevailing Party

Plaintiff obtained a "sentence four" remand, which, for purposes of EAJA fees, renders him a "prevailing party." *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) (obtaining a sentence-four judgment reversing denial of benefits meets the "prevailing party" requirement). The Court therefore finds that the first condition for granting attorney's fees under the EAJA has been met.

2. The Commissioner's Position was Without Substantial Justification

To satisfy the "substantial justification" requirement, the Commissioner's position must be justified "both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). In this case, the Commissioner has stated that he does not oppose Plaintiff's request for attorney's fees under the EAJA [Doc. 19], thereby conceding that the Commissioner's position in this matter was not substantially justified. In addition, this

matter was remanded based on the parties' filing of a Joint Motion to Remand [Doc. 14]. Thus, the second condition for granting attorney's fees under the EAJA has been met.

### 3. There are No Special Circumstances Affecting an Award of Attorney's Fees

The Court is not aware of, and has not been cited to, any "special circumstances" that would otherwise make an award of attorney's fees unjust. Therefore, the Court finds that the third condition for granting attorney's fees under the EAJA has been met.

### 4. The Plaintiff's Request for an Award of Fees is Timely

In support of his motion for attorney's fees, Plaintiff's counsel submitted an Attorney Affirmation [Doc. 17-1], and itemized ledgers detailing the work performed in this case on behalf of Plaintiff by attorneys [Doc. 17-3], paralegals [Doc. 17-4], and the two combined [Doc. 17-2]. In total, the counsel worked 30.6 hours, at an applicable hourly rate of $223, and paralegals worked 5.9 hours, at an hourly rate of $50 [*See* Doc. 17-1 p. 2]. The Court observes that the motion includes a proper application for fees, *see* 28 U.S.C. § 2142(d)(1)(B) (requiring "an itemized statement . . . stating the actual time expended and the rate at which fees and other expenses were computed"), and that it was filed within the proper timeframe, *see id.* (requiring the prevailing party to file the application "within thirty days of final judgment"); *Shalala*, 509 U.S. at 302 (holding the thirty-day timeframe begins to run sixty days after the Court enters a judgment if the case is not appealed (citing Fed. R. App. P. 4(a)). Thus, the Court finds that the fourth condition for granting attorney's fees under the EAJA has been met.

### B. The Court Finds that the Fees Requested Are Reasonable

Having found all four conditions have been met for granting fees under the EAJA, the Court must next consider whether the requested fees are reasonable. *See* 28 U.S.C. § 2412(d)(2)(A). As noted above, Plaintiff's counsel has submitted an itemized statement detailing

3

the work performed in this case on behalf of Plaintiff which amounted to 30.6 hours of attorney work, at an applicable hourly rate of $223, and 5.9 hours of paralegal work, at an hourly rate of $50 [*See* Doc. 17-1 p. 2]. The Commissioner has no opposition to Plaintiff's request for attorney's fees [Doc. 19].

Under the EAJA, reasonable attorney fees "shall be based upon prevailing market rates for the kind and quality of the services furnished, . . . and (ii) attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). "In requesting an increase in the hourly-fee rate, [p]laintiffs bear the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). In order to prove an award in excess of $125.00 per hour, plaintiffs must "produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

"This district historically relies on the formula set forth in *Cook v. Barnhart*, which relies on the annual average Consumer Price Index ("CPI") divided by 100.3." *Ownby v. Colvin*, No. 3:13-CV-722-TAV-CCS, 2015 WL 17578750, at *5 (E.D. Tenn. Apr. 17, 2015) (citing *Cook v. Barnhart*, 246 F. Supp. 2d 908, 910 (E.D. Tenn. 2003)). "Pursuant to *Cook*, the hourly rate is $125.00 per hour multiplied by 'the prior year's annual average' CPI." *Id.* The calculated hourly rate may be rounded up or down as appropriate. *Id.* Using the *Cook* formula and the annual

average CPI's for the previous year,[1] the Court calculates an appropriate hourly rate of $223 for 2023 and $233 for 2024.

Here, Plaintiff's counsel requests an effective hourly rate of $223 for all of her hours – those worked in 2023 and 2024 [Doc. 17-1 p. 2]. To support an award in excess of $125 per hour, Counsel asserts that the cost of living has increased since the statutory EAJA fee was calculated in March 1996 [*Id.* at 1].

Based upon the information presented by Plaintiff's counsel, the lack of opposition from the Commissioner, and the fact that the requested fee is equal to the cost-of-living rate set forth in *Cook* for 2023 and somewhat less than the calculated rate for 2024, the Court finds that the requested fee amount is reasonable.

### III. CONCLUSION

Based upon the foregoing, it is hereby **RECOMMENDED**[2] that the Chief District Judge **GRANT** Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 [**Doc. 17**], and enter a judgment awarding Plaintiff the amount of **$7,118.80** in attorney's fees pursuant to the EAJA. In accordance with *Astrue v. Ratliff*, 560 U.S. 586 (2010),

---

[1] The relevant CPI is 179.294 for 2022 and 187.155 for 2023. *See* U.S. Bureau Lab. Stat., CPI for All Urban Consumers (CPI-U) South – Size Class B/C (accessed on July 2, 2024), https://data.bls.gov/timeseries/CUURN300SA0?amp%253bdata_tool=XGtable&output_view=data&include_graphs=true.

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide de novo review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).

the EAJA fee is payable to Plaintiff as the litigant and may be subject to offset to satisfy a pre-existing debt that the litigant owes to the United States. If Plaintiff owes no debt to the United States, then the payment of EAJA fees can be made directly to Plaintiff's counsel per assignment.

    Respectfully submitted,

    _/s/ Debra C. Poplin_
    Debra C. Poplin
    United States Magistrate Judge

6

Case 1:23-cv-00235-TRM-DCP   Document 22   Filed 07/02/24   Page 6 of 6   PageID #: 1022